Battle, J.
 

 One of the questions upon which the counsel for the defendant, have mainly relied in the argument before this Court, is not so clearly and distinctly stated in the bill of exceptions, as it ought to be, but enough appears to show that it was raised on the trial; and for that reason the defendant is entitled to the benefit of it, if it be in his favor.
 

 Upon the issue formed by the plea of the general issue, it was, of course, incumbent upon the plaintiff to prove that the words spoken were the same as he had charged in one or more of the counts of his declaration. The testimony of his witnesses, if believed, certainly sustained his allegations, but the words, as sworn to by the witnesses for the defendant, were spoken of the plaintiff interrogatively, instead of affirmatively. His Honor, however, instructed the jury, that if they believed that the “ defendant intended to charge, and did charge, the plaintiff with swearing to a lie in the case tried in court, it would support” the declaration. Neither of the counts averred that the words were spoken in an interrogative form, and as the defendant had the right to have the credibility of the statement made by his witnesses, submitted to and passed upon by the jnry, the effect of his Honor’s instructions was, that it made no difference whether the words were spoken affirmatively or interrogatively, provided they were intended to import, and did import, a charge of perjury.
 
 *531
 
 This brings up for consideration an important enquiry, whether the words spoken must be proved precisely as laid ; or whether pioof of the substance of them will be sufficient. “It was formerly holden (says Mr. Justice Buffer in his Nisi Prius, p. 5,) that the plaintiff must prove the words precisely as -laid; but that strictness is now laid aside, and it is sufficient for the plaintiff to prove the substance of them.” This exposition of the rule, leaves it very indefinite, and in the application of it to the various cases which have come before the courts for adjudication, it will be seen that there has been a very unsatisfactory fluctuation of opinion. In some cases an apparently slight variation has been held to be fatal. Thus ■in
 
 Walters
 
 v. Mace, 2 Barn, and Ald.
 
 756, (4
 
 E. C. L. Rep. 734,) the declaration charged that the defendant said of the plaintiff, “
 
 This
 
 is my umbrella, and he stole it from my back • -door.” The testimony was that the defendant said, “ it is my umbrella, and he stole it from my back door.” The variance was held fatal, because the words, charged in the declaration, ■applied to a particular umbrella, which was present, and the words, proved, applied to an umbrella which was absent. And yet, the words, “ it is my umbrella,” may be spoken of ■a particular umbrella then present. So, the evidence of words spoken in the second person, will not support a count alleging them to have been spoken in the third person;
 
 Avarillo
 
 v.
 
 Rogers,
 
 Buller’s N. P. 5. So, in an action for the defamation of the plaintiff’s wife, the words alleged in the declaration were the plaintiff’s
 
 “
 
 wife is a great thief and ought to have been transported seven years agothe words proved, were, “ she is a bad one, and ought to have been transported seven years agoit was held that the words proved did not support the
 
 declaration; Hancock
 
 v.
 
 Winter, 7
 
 Taun. 205, (2 E. C. L. Eep. 7l). Again, in
 
 Barnes
 
 v.
 
 Halloway,
 
 8 Term. Rep, 150, words laid affirmatively, were proved to have been spoken interrogatively, and this variance was held to be fatal. Tet, it is clear, that an interrogation may imply an affirmation, and may be so understood by the hearers. The Court said, that whatever the parties may mean, the words
 
 *532
 
 must be proved as they, are laid. There is “ a manifest distinction between the same idea conveyed by words spoken affirmatively, and put interrogatively.”
 

 There are many cases reported in the books, where varia- ' tions between the words charged, and those proved, were decided to be immaterial. Thus, in
 
 Orpwood
 
 v. Parks, 4 Bing. 261, (13 E. G. 1. Rep. 424) it was held that the words “ Vare hawk there, mind what you are about,” would sustain a declaration alleging the words spokento have been “ Vare hawk,, you must take care of yourself
 
 there;
 
 mind what you are about.” So, “ I will do my best to transport him, as he has been working for me some time, and has been robbing me all the while,” will be supported by proof of the words, “ he has worked for me some time and has been continually robbing me;”
 
 Doncaster
 
 v. Hewson, 2 Man. and Ry. 176, (17 E. C. L. Rep. 297.) Again, “you stole one of my sheep,” will be maintained by evidence, “ you stole my sheep and killed it
 
 Robinson
 
 v.
 
 Willis,
 
 2 Star. Rep. 194, (3 E. C. L. Rep. 310). From these instances, it is manifestly difficult to say what is to be regarded as substantial proof of the words charged; and it is evident that Chief Justice Marshall, after an able review of many of the cases, of both verbal and written slander, was fully justified in remarking- that “ the person who looks into this subject, will be surprised at finding how very unsatisfactory the cases are;” see
 
 Whitaker
 
 v.
 
 Freeman,
 
 reported in an appendix to 1 Dev. Rep. 271. (The remark quoted will be found on page 288.) In this apparent uncertainty as to what is and what is not, to be deemed a fatal variance between the words charged and the words proved to have been spoken,, we do not feel at liberty to set at naught the authority of a case adjudged by an able court and followed by all the
 
 text
 
 writers on the subject of slander;
 
 Barnes
 
 v.
 
 Holloway,
 
 cited from 8: Term Rep. 150, seems to have settled the rule, that words charged to have been spoken affirmatively, will not be supported by proof of words spoken interrogatively. Such were the words- as testified to- by the defendant’s witnesses, and his Honor committed an error in not per
 
 *533
 
 •snitting the jury to decide whether that was the form of expression used by the defendant, instead of that which was sworn to by the plaintiff’s witnesses. For this error, the judgment must be reversed, and a
 
 vmvre de novo
 
 awarded. This result makes it unnecessary to notice the other points made in the cause, particularly as they will not probably be raised on the next trial.
 

 •Per -Curiam,
 

 Judgment reversed.